Daron D. Tong (SBN 96220)
Michele Miller (SBN 213723)
McKAGUE & TONG, LLP
250 Montgomery Street, Suite 1100
San Francisco, CA 94104
Telephone (415) 409-5222
Facsimile  (415) 409-0467

Attorneys for Plaintiff
TRAVELERS CASUALTY AND
SURETY COMPANY OF AMERICA

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, a Connecticut corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>DEVELICA, LLC, a California limited liability company; STEPHEN W. HUGHES, an individual; GILMAN RANCH, LLC, a California limited liability company;  and STERLING SAVINGS BANK as successor-in-interest to SONOMA NATIONAL BANK,<br><br>    Defendants. | Case No.: CV 09-00878 MHP<br><br>STATUS CONFERENCE STATEMENT, REQUEST FOR CONTINUANCE OF STATUS CONFERENCE FOR SIXTY DAYS AND ~~PROPOSED~~ ORDER<br><br>DATE:         September 14, 2009<br>TIME:          4:00 P.M.<br>COURTROOM:   15<br>JUDGE:        Hon. Marilyn Hall Patel |

Plaintiff Travelers Casualty and Surety Company of America ("Travelers" or "Plaintiff") submits the following Status Conference Statement and Request for Continuance of the Current Status Conference for approximately sixty days.

1. **Jurisdiction and Service**:

    a.    **Jurisdiction**: This court has diversity jurisdiction.  These proceedings are instituted pursuant to the provisions of 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000, exclusive of interest and costs, and diversity exists among the parties.  Plaintiff is informed and believes that Defendant Stepehn W. Hughes (hereinafter "Hughes") is an individual who is a foreign national, a citizen of the United Kingdom, but residing in the County of Sonoma, and that

1

Defendants Develica, LLC (hereinafter "Develica"), and Gilman Ranch, LLC (hereinafter "Gilman") are California limited liability companies with their principal places of business or headquarters in the State of California, County of Sonoma.

  **b.**  **Service**:  Defendants Hughes, Develica and Gilman (collectively "Defendants" or "Indemnitors") have all been served. Plaintiff has been making efforts to informally resolve this action with Defendants, who are represented by counsel, over the telephone and in writing. Written proposals have been exchanged but the parties have not reached an agreement.

2.  **Facts**:

  At the request of Hughes, Develica and Gilman (collectively referred to herein as "Indemnitors" or "Defendants") Travelers Casualty and Surety Company of America ("Travelers" or "Defendants"), as surety, issued certain payment and subdivision bonds on behalf of Gilman, as principal, and in connection with a subdivision construction development project in the State of California, specifically in the County of Sonoma.

  As a condition precedent to Travelers issuance of surety bonds, Indemnitors and each of them executed a General Agreement of Indemnity for Contractors in favor of Travelers (the "Indemnity Agreement"). The Indemnity Agreement provides, among other things, that Indemnitors will indemnify Travelers for all loss, liability, damages and expenses, including court costs and attorney's fees, sustained or incurred by Travelers in connection with or as a result of (a) the issuance of any surety bond on behalf of the contractor and/or (b) any default by any of the Indemnitors under and pursuant to the terms of the Indemnity Agreement. Further, the Indemnity Agreement provides that upon demand, Indemnitors will place with Travelers an amount of monies determined by Travelers as necessary to meet all of its obligations and expenses under the surety bonds issued on by Travelers.

  Travelers has received claims from Fedco Construction, Inc. ("Fedco") alleging that Gilman breached its obligations to Fedco under certain bonds. Under the subject bonds, Travelers has

incurred and will continue to incur costs and expenses, including attorneys' fees, as a consequence of the surety bonds issued by it on behalf of Gilman.

Fedco made claims against Travelers for recovery on the bonds and Travelers was compelled to pay such claims, in the present amount of One hundred and twenty thousand, four hundred five and 98/100 dollars ($120,405.98).

Indemnitors have failed and refused to indemnify Travelers for its losses and expenses incurred under the surety bonds. Indemnitors have also failed and refused to post collateral security as required under the Indemnity Agreement. As a result of these failures by the Indemnitors, Travelers has incurred and continues to incur losses, expenses and costs.

As stated in its Complaint filed in this Action, Travelers seeks recovery of losses, costs and expenses that Travelers has incurred and/or will incur as a result of Defendants/Indemnitors' failure to indemnify Travelers pursuant to the Indemnity Agreement and Defendants/Indemnitors' failure to post collateral security as required by the Indemnity Agreement. Travelers also seeks specific performance by Defendants/Indemnitors pursuant to the Indemnity Agreement by (1) indemnification of Travelers by Defendants/Indemnitors and (2) posting of collateral security by Defendants/Indemnitors.

Travelers also has alleged causes of action against Sterling Bank for breach of a "set-aside" contract and promissory estoppel but has just recently learned that no funds remain in the the set-aside account, so Sterling Bank will be dismissed as a defendant.

3. **Legal Issues**:

Plaintiff Travelers will have the burden of establishing the existence of the indemnity obligations by Indemnitors as well as the validity of the indemnity agreements at issue. In addition, Travelers will have the burden of establishing that Indemnitors breached their obligations and that Travelers is entitled to the remedies sought. Travelers is unaware of any valid defenses that Indemnitors may raise if this matter proceeds to trial. As mentioned in previous sections, Travelers, through its counsel, is making efforts to

informally resolve the matter with all Indemnitors/Defendants.  As such Indemnitors/Defendants have not asserted any affirmative defenses.

4. **Motions**:

   None.

5. **Amendment of Pleadings**:

   None.

6. **Evidence Preservation**:

   Travelers has maintained and preserved documents relevant to this action.

7. **Disclosures**:

   Disclosures have not yet been exchanged because the Defendants have not yet appeared and the parties are making efforts to resolve the matter informally.

8. **Discovery**:

   Discovery has not commenced because the Defendants have not yet appeared and the parties are making efforts to resolve the matter informally.

9. **Class Action**:

   Not Applicable.

10. **Related Cases** :

    Not Applicable.

11. **Relief Sought**:

    Travelers has received claims from Fedco Construction, Inc. ("Fedco") alleging that Gilman breached its obligations to Fedco under certain bonds.  Under the subject payment bonds, Travelers has incurred and will continue to incur costs and expenses, including attorneys' fees, as a consequence of the bonds issued by it on behalf of Gilman.

    Fedco made claims against Travelers for recovery on the subdivision bonds and Travelers was compelled to pay such claims, in the present amount of One hundred and twenty thousand, four hundred five and 98/100 dollars ($120,405.98).

//

12. **Settlement and ADR**:

The parties, through their respective counsel, have exchanged settlement demands and offers and are still making efforts to resolve the matter. If the parties are unable to resolve the matter informally a mediation session would likely be beneficial.

13. **Consent to Magistrate for All Purposes**:

Travelers does not consent to a Magistrate Judge for all purposes.

14. **Other References**:

This case is not suitable for reference to binding arbitration, a special master or the Judicial Panel for Multidistrict Litigation.

15. **Narrowing Issues**:

Travelers' counsel believes that some of the legal and factual issues can be narrowed and or stipulated to by the parties. However, because Defendants have not yet appeared this issue will be addressed more fully at a later date.

16. **Expedited Schedule**:

Unknown at this time.

17. **Scheduling**:

Travelers requests that the court defer scheduling these deadlines since the case is not yet at issue and continue the currently scheduled status conference for approximately sixty (60) days.

18. **Trial**:

At this time Travelers respectfully reserves its right to a jury trial.

19. **Disclosure of Non-party Interested Entities or Persons**:

Plaintiff's counsel is conferring with Plaintiff in order to obtain accurate information in response to this issue and requests additional time to comply.

//
//
//
//
//
//
//

20.     **Request For Sixty (60) Day Continuance of Status Conference**:

Plaintiff respectfully requests that the Court continue the currently scheduled status conference for approximately sixty (60) days.  A continuance will provide Plaintiff and the currently served Defendants to possibly resolve the matter.

Dated:  August 14, 2009                    McKAGUE & TONG, LLP
                                                                  /s/
                                           _____
                                           Michele Miller
                                           Attorneys for Plaintiff TRAVELERS CASUALTY AND
                                           SURETY COMPANY OF AMERICA

### ~~PROPOSED~~ ORDER CONTINUING STATUS CONFERENCE

The Court having considered the Status Conference Statement submitted by Plaintiff Travelers Casualty and Surety Company of America, and Good Cause having been shown hereby continues the currently schedules Status Conference from September 14, 2009 to:

____November 30_____, 2009 at 4:00 p.m. in Courtroom 15.

IT IS SO ORDERED

Dated:  __8/18_____, 2009

                                           _____
                                           Hon. Marilyn Hall Patel
                                           Chief Judge, U.S. District Court, Northern
                                           District of California

*[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA]*
*[Stamp: IT IS SO ORDERED / Judge Marilyn H. Patel]*